NOT DESIGNATED FOR PUBLICATION

No. 115,959

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOUIS ANTHONY ZWICKL, II,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed June 23, 2017. Affirmed.

*Ty Kaufman*, of Ty Kaufman Law Office LC, of McPherson, for appellant.

*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*:  Louis Anthony Zwickl, II, appeals from the revocation of his probation in McPherson County District Court case No. 14CR190. He argues the district court abused its discretion by denying his request to continue the probation violation hearing and for revoking his probation without giving sufficient consideration to his rehabilitation efforts.

We find no abuse of discretion and affirm the judgment of the district court.

1

(We note that this appeal is a companion case to the separate appeal in case No. 116,168 which arises out of McPherson County District Court case No. 09CR287.)

*Factual and Procedural Background*

On June 30, 2010, Zwickl pled no contest in case No. 09CR287 to a third offense of driving under the influence, a nongrid felony. On October 10, 2010, he was sentenced to 1 year in the county jail, with 18 months' probation after serving the mandatory minimum of 90 days' incarceration. The district court noted during the sentencing that Zwickl had 27 prior convictions, including some violence-related offenses. Zwickl suggested that he had several physical and mental health issues and requested he serve the 90 days on work release. The district court approved this request. Later that same day before Zwickl reported to the jail, he received emergency medical care for an intentional drug overdose.

Zwickl's sentence was affirmed on direct appeal. *State v. Zwickl*, No. 105,444, 2012 WL 687829 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1136 (2013). On April 16, 2014, the district court notified counsel that Zwickl never reported to serve the 90-day mandatory minimum portion of his jail sentence after his unsuccessful appeal. The district court issued a bench warrant on May 12, 2014, which resulted in Zwickl's arrest on August 28, 2014.

At the time of his arrest on the warrant, Zwickl was found in possession of methamphetamine, resulting in felony charges filed in McPherson County case No. 14CR190. On April 24, 2015, Zwickl entered an agreed-upon plea of no contest to an amended charge of misdemeanor possession of drug paraphernalia. On July 9, 2015, Zwickl was sentenced to 12 months in jail, 12 months' probation, with the sentence to run consecutive to his sentence in case No. 09CR287.

2

Zwickl was released from jail to probation in case No. 09CR287 on November 26, 2014. By January 30, 2015, he was transferred from Court Services to Community Corrections Intensive Supervision due to positive drug tests. He continued to violate probation by failing to report for scheduled office visits and was sanctioned in July 2015 with 48 hours in jail.

Zwickl continued to miss scheduled office visits in September and October 2015, and had a positive test for methamphetamine in September 2015. On November 17, 2015, Zwickl signed a voluntary admission to usage of methamphetamine and accepted another 2-day jail sanction on December 1, 2015. In January 2016, Zwickl again admitted using methamphetamine and accepted a 3-day jail sanction on January 20, 2016.

On February 2, 2016, Zwickl failed or refused to provide a requested sample for urinalysis, and on February 3, 2016, he was unsuccessfully discharged from his addiction treatment program without completion of the program. On February 4, 2016, the State filed a motion to revoke probation in case No. 09CR287 and provided an affidavit alleging numerous violations. On February 9, 2016, the State filed a similar motion in case No. 14CR190, and on March 31, 2016, filed a supplementary affidavit setting forth a further allegation of methamphetamine usage and failure or refusal to provide a urine sample on March 30, 2016. The State did not file the supplementary affidavit in case No. 09CR287.

On April 5, 2016, the district court held a joint probation hearing involving both cases. The State presented evidence from Zwickl's probation officers and his addiction therapist regarding numerous violations and personal interactions with Zwickl. Zwickl testified on his own behalf about how he was attempting to cope with addiction and about stressors in his life including a recent divorce and the loss of a friend in a workplace gun-related mass murder.

The district court revoked Zwickl's probation in both cases and ordered him to serve the remainder of his underlying jail sentence in case No. 09CR287 with credit for the 90 days already served. The court modified the sentence in case No. 14CR190 to a 6-month controlling term, again with credit for time served.

Zwickl timely filed this appeal. (After filing this appeal in case No. 14CR190, Zwickl also separately appealed the revocation in case No. 09CR287. The appeals have not been consolidated.)

*The district court did not abuse its discretion by denying Zwickl's request for continuance of the probation violation hearing.*

The grant or denial of a request for a continuance will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Burnett,* 300 Kan. 419, 436, 329 P.3d 1169 (2014); *State v. Glover,* 50 Kan. App. 2d 991, 366 P.3d 875 (2014), *rev. denied* 302 Kan. 1014 (2015). A judicial action constitutes an abuse of discretion if the action (1) is such that no reasonable person would take the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall,* 303 Kan. 438, 445, 362 P.3d 587 (2015). The party alleging an abuse of discretion bears the burden of proof on appeal. *State v. Decker,* 288 Kan. 306, 311, 202 P.3d 669 (2009).

The district court denied Zwickl's request for continuance made on the day of the probation hearing to allow counsel more time to prepare after the State filed a supplemental affidavit alleging additional violations. Zwickl argues that the district court abused its discretion by limiting his right to effective assistance of counsel. The State counters that Zwickl did not provided any evidence or reason why he could not proceed as scheduled since the violations alleged in the supplemental affidavit were of the same nature as those included in the initial affidavit.

4

K.S.A. 22-3401 provides that a district court may grant a continuance to either party for good cause shown. However, mere speculation that there may be something beneficial for a defendant that arises from a continuance is not good cause to grant a continuance. *State v. Beaman*, 295 Kan. 853, 864, 286 P.3d 876 (2012). Here, Zwickl failed to offer the district court anything more specific than the possibility of new evidence or a potential witness regarding the March 30 allegations and offered no explanation of how he would be prejudiced. In his appellate brief, Zwickl identifies a potential witness from his place of employment who may have offered an explanation as to why Zwickl was unable to provide a urine sample on March 30, 2016.

Zwickl faced numerous other violations alleged in the initial affidavit—any one of which could potentially have been enough to revoke his probation. Zwickl had adequate time to prepare for these allegations and had full opportunity to cross-examine the State's witnesses. Indeed, as discussed below, Zwickl did not contest the alleged violations, but, rather, focused on explanations of his conduct in support of his request to be continued on probation.

On the record as a whole, Zwickl has failed to demonstrate any prejudice which he suffered as a result of the denial of his request for continuance. Since reasonable persons could adopt the position taken by the district court, there is no abuse of discretion.

*The district court did not abuse discretion by revoking Zwickl's probation.*

A district court's decision to revoke probation must be based on an actual finding that a condition of probation has been violated. Once a violation has been established, the propriety of the decision to revoke is reviewed under an abuse of discretion standard. *State v. Hurley,* 303 Kan. 575, 580, 363 P.3d 1095 (2016). That standard has been described above. See *Marshall,* 303 Kan. at 445; *Decker*, 288 Kan. at 311.

In some instances, the district court is required to impose intermediate sanctions before imposing an underlying sentence. See K.S.A. 2016 Supp. 22-3716(c). However, in this case, the court would not be required to impose the intermediate sanctions, because the underlying crime in case No. 09CR287—felony driving under the influence under K.S.A. 8-1567—is specifically subject to a separate revocation standard which allows the option of revocation. See K.S.A. 2016 Supp. 22-3716(b)(3)(B).

The district court heard evidence of numerous alleged violations at the April 5, 2016, hearing and found Zwickl violated his probation by using and testing positive for alcohol and methamphetamine and by failing to report as directed. The court also expressed frustration with Zwickl's lack of participation and progress in his treatment program. Zwickl does not contest the allegations and findings that he violated the conditions of his probation. Instead, he argues that the district court did not give proper consideration to the testimony of the witnesses at the hearing.

Indeed, Zwickl notes that witnesses testified about stressors in his life, his good work ethic, his drug addiction and therapy sessions, his mental illness, and the fact there was no drug treatment available to him in jail. However, the State presented evidence from Linda Helmer, Zwickl's drug and alcohol therapist, who terminated treatment because Zwickl was not accomplishing the goal of ending his methamphetamine use and was occasionally dishonest with her. The district court also heard testimony from probation supervision officer Brian Weiser that Zwickl repeatedly indicated that he did not want to, or for some reason could not, participate in more intensive drug treatment. Weiser related that Zwickl had told him that "intensive outpatient would not be a good fit for him . . . [and] that he enjoys meth and he would like to keep using meth." Zwickl was ultimately discharged from his less intensive treatment program due, in part, to continued use of drugs.

6

The district court also heard from Kelsey Van Buren, a Reno County Community Corrections intensive supervision officer, and from Timothy Gadde, a Harvey/McPherson County Community Corrections intensive supervision officer, regarding numerous incidents of probation violation by Zwickl.

This court has consistently held that, when a defendant suffers from addiction or mental illness and either does not seek treatment or does not see progress from treatment, the district court is within its discretion to revoke probation. See *State v. Gibbons*, No. 115,498, 2017 WL 1535153, at *2 (Kan. App. 2017) (unpublished opinion) (Gibbons had an extensive criminal history and continued to frequently use methamphetamine while on probation); *State v. Garcia*, No. 114,857, 2017 WL 749205, at *6 (Kan. App. 2017) (unpublished opinion) (Garcia refused to join an addiction integration program as it "'was just not the right place for [him]'"); *State v. Wilson*, No. 115,547, 2017 WL 262031, at *2 (Kan. App. 2017) (unpublished opinion) (Wilson's addiction and mental health issues meant prison was more appropriate); *State v. Emery*, No. 114,368, 2016 WL 3961414, at *2-3 (Kan. App. 2016) (unpublished opinion) (Emery battled addiction but was unable to improve while on probation). We find the rationale of these cases to be persuasive. The district court here heard ample evidence that Zwickl was not responding or improving on probation and was actually resisting efforts to assist him in overcoming his addiction.

The court found Zwickl not amenable to probation based on substantial competent evidence. Reasonable persons could certainly agree with the conclusions and disposition reached by the court. There was no abuse of discretion.

Affirmed.